UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MONTANO CIGARETTE, CANDY & TOBACCO, INC., | : <br> : <br> :    NO. 3:08cv426 (MRK) |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| CORE-MARK MID-CONTINENT, INC. d/b/a Klein Wholesale Distributors, | : <br> : <br> : |
| Defendant. | : |

**RULING AND ORDER**

Pending before the Court is Defendant Core-Mark Mid-Continent, Inc.'s ("Core-Mark") Motion to Dismiss the Second Amended Complaint [doc. # 35] under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* on the ground that Plaintiff Montano Cigarette, Candy & Tobacco, Inc. ("Montano") has failed to state a claim upon which relief can be granted. Montano seeks injunctive relief and damages as a result of Core-Mark's alleged violations of Connecticut law. In particular, Montano claims that Core-Mark is selling cigarettes in Connecticut below cost as defined in Conn. Gen. Stat. § 12-326b with the intent to injure competitors or destroy or substantially lessen competition, and also that Core-Mark is giving rebates, kickbacks, and articles of value to its dealer customers in violation of Conn. Gen. Stat. § 12-326e.

Core-Mark had previously moved to dismiss the original Complaint [doc. # 1] as well as the Amended Complaint [doc. # 25]. *See* Def.'s Mot. Dismiss [doc. # 14]; Def.'s Renewed Mot. Dismiss [doc. # 28]. It was apparent from the Complaint and the Amended Complaint that Montano had done nothing more in its pleadings than repeat the language of the relevant Connecticut statutes and

1

state in conclusory fashion that Core-Mark "routinely violated" them since 2006. As the Court made clear to counsel at argument on the motion to dismiss the Amended Complaint, such vague and conclusory allegations did not comply with Rule 8(a)(2) of the *Federal Rules of Civil Procedure* because they failed to give Core-Mark notice of the conduct at issue and failed to satisfy *Twombly's* flexible plausibility standard, which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible. *See, e.g., OBG Technical Services, Inc. v. Northrop Grumman Space & Mission*, 503 F. Supp.2d 490, 503 (D. Conn 2007) (citing *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955 (2007) and *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

Montano's counsel asked for one more opportunity to plead facts sufficient to withstand a Rule 12(b)(6) motion and the Court granted the request and allowed the filing of the Second Amended Complaint [doc. #34]. That complaint repeats the same allegations as the Amended Complaint but adds specific details regarding Core-Mark's conduct. Thus, Montano identifies several of its former customers, details a substantial reduction in those customers' purchases from Montano and a concomitant increase in their purchases from Core-Mark during discrete time periods, and sets forth a summary of conversations with personnel from the former customers, who claimed that Core-Mark was giving them "rebates and/or kickbacks and/or other articles of value" in return for their purchases of cigarettes. Second Amended Complaint [doc. # 34] at 5-6, ¶ 10. For example, one paragraph alleges that specifically-named Core-Mark salesmen offered an owner of one location "a rebate of $2.75 per carton if [the owner] would purchase cigarettes from Core-Mark." *Id.*

In its Motion to Dismiss the Second Amended Complaint, Core-Mark acknowledges that Montano has now pleaded facts sufficient to show that Core-Mark was providing rebates or other

2

articles of value. Nevertheless, Core-Mark argues that the Second Amended Complaint "utterly fails to offer any factual allegations that, if proven, would show Core-Mark's prices were below its costs, let alone that Core-Mark had the requisite intent to injure competitors or destroy or substantially lessen competition." Def.'s Mem. Law Supp. Second Renewed Mot. Dismiss [doc. # 35-2] at 3.

The Court is satisfied that the new allegations adequately allege that Core-Mark engaged in its conduct with the intent to lessen competition from Montano, if not others. Montano has alleged that specific customers were lured from Montano to Core-Mark as a result of alleged kickbacks and rebates. The Court is also satisfied that Montano can proceed with its claims regarding the illegal offering of kickbacks and rebates.

The more difficult issue is whether Montano should be allowed to proceed with its claim that Core-Mark has sold cigarettes below cost as defined in Connecticut law. As Core-Mark notes, the Second Amended Complaint is bereft of any specifics regarding that claim, though one would assume that Montano would be in a position to know the price at which Core-Mark is selling cigarettes. Montano responds that Core-Mark is, at a minimum, selling below a state-imposed presumptive sales price for cigarettes and that its allegations regarding kickbacks and rebates "logically dictates that, if Core-Mark is selling cigarettes consistent with State imposed requirements, any kickback or rebate would result in a 'below cost' sale, below these presumptive prices." Pl.'s Mem. Law Opp'n Def.'s Second Renewed Mot. Dismiss [doc. # 36] at 5.

The difficulty with this argument is that there is no allegation anywhere in the Second Amended Complaint that Core-Mark's prices are below the state presumptive sales price for cigarettes. Presumably, as Core-Mark's competitor, Montano must be in possession of that information. Instead, the Second Amended Complaint, like all the other complaints before it, simply

3

states in conclusory fashion that Core-Mark sells cigarettes below cost to injure competition. There is no way for anyone to know if the rebates and kickbacks cause the price of Core-Mark's cigarettes to fall below the state presumptive level. Indeed, there is no allegation in the Second Amended Complaint that Core-Mark's sales price is below the state presumptive level. These omissions are particularly glaring given the discussion at oral argument about Montano's need to buttress its conclusory allegations with some factual detail consistent with the requirements of Rule 11. That Montano chose not to include such information in its Second Amended Complaint can only mean that it lacks such information. But without it, Core-Mark lacks needed notice of Montano's predatory pricing claim and the claim itself is not plausible. *See In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007); *In re Digital Music Antitrust Litig.*, No. 06 MDL No. 1780, 2008 WL 4531821 (S.D.N.Y. Oct. 9, 2008) (in antitrust and consumer protection case, refusing to infer anticompetitive conduct and unfair business practice on the basis of insufficient factual allegations); *In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 541 F. Supp.2d 487, 491-92 (D. Conn. 2008) (dismissing claims for predatory pricing for lack of detail in the wake of *Twombly*).

Having now had three chances to plead its claims and having come up woefully short, the Court has no choice but to dismiss Montano's claims that Core-Mark is selling cigarettes below cost with intent to injure competition. Montano may continue to press its claims that Core-Mark has violated Conn. Gen. Stat. § 12-326e and the Connecticut Unfair Trade Practices Act by providing customers with rebates, kickbacks, and other articles of value in violation of state law.[1]

---

[1] Core-Mark will be entitled to renew its statute of limitations arguments and its arguments about the applicability of Conn. Gen. Stat. § 12-326e following the close of discovery.

Defendant's Motion to Dismiss the Second Amended Complaint [doc. # 35] is thus GRANTED in part and DENIED in part.

IT IS SO ORDERED,


/s/    Mark R. Kravitz
United States District Judge


Dated at New Haven, Connecticut:  **October 31, 2008**.